IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RODOLFO PEREZ-GONZALEZ,<br><br>Defendant. | CRIMINAL NO. 12-264 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Rodolfo Pérez-González was charged in Count One of an Indictment and he agreed to plead guilty to the only Count of the Indictment. Count One charges that, from in or about June 2011, to in or about April 2012, in the District of Puerto Rico, and within the jurisdiction of this Court, and elsewhere, the defendant herein, an individual required to register under the Sex Offender Registration and Notification Act by reason of a sex offense conviction on or about September 26, 2002, under the laws of the State of New Jersey, did travel in interstate commerce, that is, defendant traveled from the State of New Jersey to the Commonwealth of Puerto Rico, a territory of the United States, and did knowingly fail to register with the Commonwealth of Puerto Rico authorities as required by the Sex Offender Registration and Notification Act. All in violation of Title 18, United States Code, Section 2250(a).

On August 28, 2012, defendant appeared before this Magistrate Judge, since the Rule11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which he signed and agreed upon voluntarily after examination in open court, under oath.

United States of America v. Rodolfo Pérez-González
Criminal No. 12-264 (DRD)
Report and Recommendation
Page 2

     Defendant indicated and confirmed his intention to plead guilty to Count One of the Indictment, upon being advised of his right to have said proceedings before a district judge of this court.[1] Upon verifying through defendant's statement his age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.[2]

     Having further advised defendant of the charges contained in above-stated Count One, he was examined and verified as being correct that: he had consulted with his counsel from the Federal Public Defender's Office, Yasmín A. Irizarry, prior to the hearing for change of plea, that he was satisfied with the services provided by his legal representative and had time to discuss with her all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, his constitutional rights and the consequences of the waiver of same.

     Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charge specified, he was waiving his right to a public, speedy, and a trial by jury constituted by twelve jurors who have to unanimously agree to a verdict. He was also waiving his right to be presumed innocent

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

[2] Defendant indicated he took insulin, nitroglycerin and several other medications for high blood pressure, pain in the knees and a heart condition (which he did not recall the names) in the 24 hours prior to the hearing but the intake of these medications does not affect him to understand the proceedings. Based on defendant's demeanor, his coherent answers to our questions and the assertions of counsel, a determination of competency to understand the proceedings was made.

and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was waiving his right during said trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel at said trial, as well as present evidence on his behalf. He was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to have them appear in court to testify. Defendant was specifically apprised of his right to take the stand and testify, if he so decided, or not to testify, and no inference or decision as to his guilt could be made from the fact if he decides not to testify. Defendant was also explained his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty, and he would be sentenced by the judge after considering the information contained in a pre-sentence report.

  As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel AFPD Irizarry, indicated he freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that he could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that he may consult with his attorney at any given time as to any issue.

  Defendant expressed his understanding of the penalties prescribed by statute for the offenses as to which he was pleading guilty. The penalty for the offense charged in Count One is a maximum term of imprisonment of ten (10) years, a fine of not more than two hundred fifty thousand dollars ($250,000.00) and a term of supervised release of not less than five (5) years, or life in addition to any term of incarceration. *See*, Title 18, United States Code, §3583(k).

United States of America v. Rodolfo Pérez-González
Criminal No. 12-264 (DRD)
Report and Recommendation
Page 4

     Defendant shall also pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction.

     Having ascertained directly from defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, nor that he had been offered any reward or any other thing of value to get him to plead guilty, the document entitled "Plea Agreement in accordance with Rule 11(c)(1)(A) & (B)" ("the Agreement") and the "Plea Agreement Supplement"[3] were shown to defendant, verifying his signature and initials on each and every page.

     Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on him will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

     The above-captioned parties' estimate and agreement that appears on pages two and three, paragraph five of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Pursuant to U.S.S.G. § 2A3.5(a)(2), the Base Offense Level is of Fourteen (14). Pursuant to U.S.S.G. § 3E1.1(a), a

---

[3] Defendant acknowledged discussing the "Plea Agreement Supplement" with his counsel and stated he understood the terms and consequences of the same. Defense counsel recognized she explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Rodolfo Pérez-González
Criminal No. 12-264 (DRD)
Report and Recommendation
Page 5

decrease of two (2) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twelve (12), yielding an imprisonment range of twelve (12) to eighteen (18) months assuming a Criminal History Category of II.

There is no stipulation as to defendant's Criminal History Category.

A Total Offense Level of 12, with a Criminal History Category of II, yields a recommended term of imprisonment of 12 - 18 months. In exchange for pleading guilty to Count One, the United States agrees to recommend a sentence of incarceration equal to the lower end of the guidelines irrespective of the defendant's criminal history. The parties further agree that the defendant may argue for a two-point reduction of the total offense level based on the applicable § 3553 factors. The United States agrees to leave to the sound discretion of the Court the decision as to whether the total offense level should be reduced by the two levels as requested by the defendant.

The United States and defendant agree that defense counsel may argue for a two-point reduction of the total offense level based on the applicable § 3553 factors. The United States agrees to leave to the sound discretion of the Court the decision as to whether the total offense level should be reduced by the two levels as requested by the defendant. Moreover, the defendant agrees that he will not seek under any other variances or departures other than those mentioned above.

As part of the written Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

Defendant acknowledges that by pleading guilty and entering into this plea agreement, he will continue to be required to register as a "Sex Offender" pursuant to the

Sex Offender Registration and Notification Act ("SORNA" or "the Act"), which was enacted under Title I of the *Adam Walsh Child Protection and Safety Act of 2006* (P.L. 109-248), codified at Title 18, United States Code, Section 2250 and Title 42, United States Code, Section 16913. As a registered Sex Offender, defendant further understands that his status as a convicted sex offender, and related information, will be made public. Defendant further acknowledges that he may or may not be required to register for life.

The government presented to this Magistrate Judge and to defendant, assisted by his counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was also read and shown a document entitled "Government's Version of Facts", which had been signed by defendant and his counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was able to understand the explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, his attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and

United States of America v. Rodolfo Pérez-González
Criminal No. 12-264 (DRD)
Report and Recommendation
Page 7

that any sentence of imprisonment would be served, without him being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.[4]

Defendant was informed that he can appeal his conviction if he believes that his guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by his guilty plea. Defendant was also informed that he has a statutory right to appeal his sentence under certain circumstances particularly if the sentence is contrary to law. With few exceptions, any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because his Plea Agreement contains a waiver of appeal in paragraph sixteen (16) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with his counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with his client.

Defendant waived the reading of the Indictment in open court because he is aware of its content, indicating he availed himself of the opportunity to further discuss same with his attorney and then he positively stated that what was contained in Count One was what he had done and to which he was pleading guilty during these proceedings. Thereafter,

---

[4] Defense counsel informed defendant will request an abbreviated or expedited Pre-Sentence Report because, if defendant is awarded the two (2) point additional reduction, he may have served his time in prison prior to being sentenced. Defense counsel was advised that said request should be made in writing to the presiding District Judge.

defendant expressed in no uncertain terms that he agreed with the government's evidence as to his participation in the offense. Thereupon, defendant indicated he was pleading guilty to Count One of the Indictment in Criminal No. 12-264 (DRD).

This Magistrate Judge after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 12-264 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing will be scheduled by Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 28th day of August of 2012.

                                           s/ CAMILLE L. VELEZ-RIVE
                                           CAMILLE L. VELEZ-RIVE
                                           UNITED STATES MAGISTRATE JUDGE